THORNDIKE *versus* SPEAR.

In an action of dower, the seizin of the demandant's husband is established by proof, that he conveyed the premises by a warranty deed, and that his grantee conveyed the same by warranty deed to the tenant.

The effect of such proof is not repelled by showing that the husband, at the time of his conveyance, had, in a writ of entry upon his own seizin, recovered judgment against a third person for the land, but had not paid to the tenant the amount assessed by the jury for betterments, but did pay the same within the year allowed by law for that purpose.

*N. T. Talbot,* for demandant.

*W. H. Codman,* for defendant.

SHEPLEY, C. J. — This is an action of dower. The marriage, the death of the husband, Paul Thorndike, and a demand of dower, are admitted. The seizin of the husband is denied.

The demandant introduced a deed made on September 11, 1818, from Mary Molineaux as administratrix of William Molineaux, to Paul Thorndike. A deed made on September 27, 1825, from Paul Thorndike to Thomas Spear, containing covenants of general warranty. A deed made on October 8, 1827, from Thomas Spear to Thomas Spear, Jr. the tenant, containing covenants of general warranty. The premises, in which dower is demanded, were included in these conveyances.

The demandant might have rested her case upon this proof. She also introduced a copy of the record of an action, and of a judgment recovered, in favor of Paul Thorndike against Daniel Barrett. The action was commenced on August 11, 1821. An issue was framed upon the seizin of the demandant; and the tenant presented a claim for improvements. A verdict was found upon the issue on the seizin, in favor of the demandant, and the jury found, that the tenant was entitled to his improvements; and the value of them and of the land, was found, at the session of this court holden in this county in September, 1824. Judgment was rendered upon that verdict on September 20, 1825. The demandant did not abandon the premises to the tenant, but paid the value of the improvements to the clerk of the court, on April 28, 1826.

Thorndike v. Spear.

It is insisted, that the tenant is not estopped to deny the seizin of the husband by the conveyances containing covenants of general warranty, because the demandant has introduced proof, that her husband was not seized, and that when such proof has been regularly presented to the court, the truth must prevail.

Admitting that the record presents evidence, that the husband had been disseized during the existence of his title, until he recovered judgment on September 20, 1825, the effect of that judgment was to purge the disseizin and to establish the seizin of the demandant. It is however, alleged, that the statute of 1821, c. 47, § 1, deprived it of that effect. It has been decided, that the judgment must be considered ineffectual, if the demandant does not, in a case like the present, pay the value of the premises within the time prescribed. *Gilman* v. *Stetson*, 16 Maine, 124; S. C. 18 Maine, 428; *Phillips* v. *Sinclair*, 20 Maine, 264. It is said, that the judgment by the provisions of the statute, takes effect only upon payment. Its effect, according to the rules of the common law, is only destroyed by neglect to make the required payment. A writ of possession could not issue before payment had been made, but that would not alter the effect of the judgment. After payment has been made, the judgment becomes conclusive and effectual, from the time of its entry. The seizin is then established in the demandant from that time, and he becomes entitled to the actual possession. The husband was therefore seized, when he conveyed the premises to Thomas Spear, after the recovery of judgment, and before he had paid for the improvements. There is nothing to prevent the operation of that deed, as a conveyance; nor any thing to prevent ·the conveyances containing covenants of general warranty, from operating to estop the tenant to deny the seizin of the husband.

The fact, that the tenant has recently obtained a title by release, from the heirs of William Molineaux, cannot alter the rights of the parties.                              *Tenants defaulted.*